JUDGE COTE    12 CV 2080

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMI APRIL MUSIC INC., EMI BLACKWOOD MUSIC INC., EMI VIRGIN MUSIC, INC. d/b/a EMI FULL KEEL MUSIC, EMI VIRGIN SONGS, INC., JOBETE MUSIC CO., INC., STONE AGATE MUSIC (A DIVISION OF JOBETE MUSIC CO., INC.), STONE DIAMOND MUSIC CORP., EMI ROBBINS CATALOG INC. and CAPITOL RECORDS, LLC,<br><br>    Plaintiffs,<br><br>        v.<br><br>4MM GAMES, LLC, AUTUMN GAMES, LLC, TERMINAL REALITY, INC. and KONAMI DIGITAL ENTERTAINMENT, INC.,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**  |

Plaintiffs EMI April Music Inc., EMI Blackwood Music Inc., EMI Virgin Music, Inc. d/b/a EMI Full Keel Music, EMI Virgin Songs, Inc., Jobete Music Co., Inc., Stone Agate Music (a division of Jobete Music Co., Inc.), Stone Diamond Music Corp., EMI Robbins Catalog Inc. and Capitol Records, LLC (collectively, "EMI" or "Plaintiffs") by their attorneys, The Roth Law Firm, PLLC, as and for its Complaint against 4mm Games, LLC ("4mm"), Autumn Games, LLC ("Autumn Games"), Terminal Reality, Inc. ("Terminal Reality") and Konami Digital Entertainment, Inc. ("Konami") (collectively, "Defendants"), state as follows:

### NATURE OF ACTION

1. This is an action for direct, contributory, and vicarious inducement of copyright infringement and unfair competition. Defendants collaborated in creating a video game called

Def Jam Rapstar ("Rapstar") for various videogame consoles. Rapstar is a videogame that allows its players to perform famous rap songs.

2.      Defendants did not obtain the requisite musical rights necessary to market and sell Rapstar. Defendants knowingly and intentionally refused to obtain appropriate licenses and pay royalties for reproduction of musical compositions and recordings owned by EMI (hereinafter referred to as the "EMI Compositions and Recordings").

3.      Defendants' intentional exploitation of the EMI Compositions and Recordings without authorization violates EMI's copyrights. In fact, when EMI notified Defendants in writing that their exploitation of the EMI Compositions and Recordings must be accounted for and that royalties must be paid to EMI, Defendants ignored EMI's demand and continued to willfully infringe EMI's copyrights without compensating EMI.

## THE PARTIES

4.      Plaintiff EMI April Music Inc. is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in New York, New York.

5.      Plaintiff EMI Blackwood Music Inc. is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in New York, New York.

6.      Plaintiff EMI Virgin Music, Inc. d/b/a EMI Full Keel Music is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York, New York.

7.      Plaintiff EMI Virgin Songs, Inc. is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York, New York.

8.      Plaintiff Jobete Music Co., Inc. is a corporation organized and existing under the laws of the State of Michigan with its principal place of business in New York, New York.

9. Plaintiff Stone Agate Music is a division of Jobete Music Co., Inc., existing under the laws of the State of Michigan with its principal place of business in New York, New York.

10. Plaintiff Stone Diamond Music Corp. is a corporation organized and existing under the laws of the State of Michigan with its principal place of business in New York, New York.

11. Plaintiff EMI Robbins Catalog Inc. is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York, New York.

12. Plaintiff Capitol Records, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in New York, New York.

13. Upon information and belief, 4mm is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 22 West 21st Street, 4th Floor, New York, New York 10010. 4mm transacted business in New York with respect to the facts underlying the Complaint and upon information and belief, 4mm does business in New York.

14. Upon information and belief, Autumn Games is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 54 Thompson Street, 4th Floor, New York, New York 10012. Autumn Games transacted business in New York with respect to the facts underlying the Complaint and upon information and belief, Autumn Games does business in New York.

15. Upon information and belief, Konami is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 2381 Rosecrans Avenue, Suite 200, El Segundo, California 90245. Konami transacted business in New York

3

with respect to the facts underlying the Complaint and upon information and belief, Konami does business in New York.

16.     Upon information and belief, Terminal Reality is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 2274 Rockbrook Drive, Lewisville, Texas 75067. Terminal Reality transacted business in New York with respect to the facts underlying the Complaint and upon information and belief, Terminal Reality does business in New York.

## JURISDICTION AND VENUE

17.     This is a civil action seeking damages and injunctive relief for, among other things, copyright infringement under the Copyright Act of the United States, 17 U.S.C. §§ 101 *et seq*.

18.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and the supplemental jurisdiction provisions of 28 U.S.C. § 1367.

19.     This Court has personal jurisdiction over Defendants pursuant to New York Civil Practice Law and Rules ("CPLR") § 302. Defendants, acting alone or in concert with others (a) transact business within New York State and in this district and supply goods and services in New York State, (b) committed tortious acts of copyright infringement within this State, and/or (c) regularly do or solicit business within this State and derive substantial revenue from their websites and services within this State. This Court also has personal jurisdiction over Defendants pursuant to CPLR § 301 in that Defendants, acting alone and in concert, do systematic and continuous business in this judicial district, and Plaintiffs' business is suffering harm in this judicial district.

20.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL ALLEGATIONS

21.     EMI is one of the leading music companies in the United States and in the world. EMI is in the business of acquiring, owning, exploiting, protecting, and administering rights in musical compositions and recordings in the United States. It controls one of the largest catalogues of copyrighted music in the world, containing more than one million contemporary and classic titles, and including music written, composed, and performed by many of the world's top-selling songwriters and entertainers, including but not limited to, the Beatles, Jay-Z, Alicia Keys, Sting, Coldplay, and Katy Perry.

22.     EMI owns the copyrights and/or the exclusive rights to reproduce, distribute, display, and publicly perform, and to authorize the reproduction, distribution, display and performance of, such EMI Compositions and Recordings for which EMI and/or its predecessors-in-interest have obtained or applied for a Certificate of Copyright Registration issued by the Register of Copyrights. EMI authorizes others to record, reproduce, perform, display, distribute, advertise, and/or otherwise exploit the EMI Compositions and Recordings in exchange for the payment of royalties or other fees associated with such authorization of rights. To the extent the EMI Compositions and Recordings are used or otherwise exploited by the sale of digital or physical copies, royalties must be paid to EMI. Attached hereto as Exhibit "A" is a non-exhaustive list of EMI Compositions and Recordings that have been infringed by the Defendants.

23.     Upon information and belief, Defendants have sold both physical and digital copies of the EMI Compositions and Recordings in Rapstar.

24.     For several months, EMI demanded that Defendants account for such uses and, contemporaneously therewith, pay EMI all monies due. For example, on April 27, 2011, EMI

wrote to 4mm Games demanding that it cease utilizing the EMI Compositions and Recordings. A copy of this letter is attached hereto as Exhibit "B." Thereafter, on October 25, 2011, EMI sent a letter to Autumn Games and Konami with the same demand. Defendants did not respond or stop their infringing activity.

25. Defendants have ignored EMI's demand for an accounting of all digital and physical sales embodying the EMI Compositions and Recordings and have thus deprived EMI of royalties due.

### FIRST CLAIM FOR RELIEF
### (Direct Copyright Infringement)

26. Plaintiffs repeat and reallege each and every allegation contained in all other paragraphs of the Complaint.

27. Defendants have directly infringed Plaintiffs' copyrights in the EMI Compositions and Recordings, including but not limited to those EMI Compositions and Recordings listed on Exhibit A. Defendants have reproduced, adapted, distributed, displayed, and/or publicly performed, without EMI's express consent or authorization, the EMI Compositions and Recordings, in violation of the U.S. Copyright Act, 17 U.S.C. §§ 101 *et. seq.*

28. The infringement of each such work is a separate and distinct act of infringement.

29. These acts of infringement were willful, intentional, and purposeful and in disregard of and with indifference to Plaintiffs' rights.

30. Defendants have also used and continue to use the EMI Compositions and Recordings without adequately compensating EMI.

31. As a direct and proximate result of the infringements by Defendants, Plaintiffs are entitled to damages and Defendants' profits in amounts to be proven at trial. If necessary,

Plaintiffs will seek leave to amend this Complaint to state the full amount of such damages and profits when such amounts have been ascertained.

32.     Alternatively, Plaintiffs are entitled to the maximum statutory damages in the amount of $150,000 with respect to each work infringed, or for such other amounts as may be proper under 17 U.S.C. § 504(c).

33.     Plaintiffs are further entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

34.     As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the EMI Compositions and Recordings.  Plaintiffs are entitled to preliminary and permanent injunctive relief.

## SECOND CLAIM FOR RELIEF
**(Contributory Copyright Infringement)**

35.     Plaintiffs repeat and reallege each and every allegation contained in all other paragraphs of the Complaint.

36.     Defendants have contributed to the infringement of Plaintiffs' copyrights in the EMI Compositions and Recordings.

37.     Defendants provide the site, means, and facilities for the infringement of, and have otherwise knowingly and systematically contributed to the infringement of products embodying the EMI Compositions and Recordings.  Such infringement takes place each time Defendants distribute a product embodying the EMI Compositions and Recordings to their customers.

38. Such acts have been undertaken with full knowledge, actual and constructive, of the infringing activities alleged herein.

39. The infringement of each such work is a separate and distinct act of infringement.

40. These acts of infringement were willful, intentional, and purposeful and in disregard of and with indifference to Plaintiffs' rights.

41. As a direct and proximate result of the infringements by Defendants, Plaintiffs are entitled to damages and Defendants' profits in amounts to be proven at trial. If necessary, Plaintiffs will seek leave to amend this Complaint to state the full amount of such damages and profits when such amounts have been ascertained.

42. Alternatively, Plaintiffs are entitled to the maximum statutory damages in the amount of $150,000 with respect to each work infringed, or for such other amounts as may be proper under 17 U.S.C. § 504(c).

43. Plaintiffs are further entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

44. As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will continue to contribute to the infringement of Plaintiffs' rights in the EMI Compositions and Recordings. Plaintiffs are entitled to preliminary and permanent injunctive relief.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

45. Plaintiffs repeat and reallege each and every allegation contained in all other paragraphs of the Complaint.

46.     Defendants have vicariously infringed Plaintiffs' copyrights in the EMI Compositions and Recordings.

47.     Defendants have the right and the ability to supervise and/or control their infringing conduct and distribution of read-only-memory discs or other media containing the EMI Compositions and Recordings. Defendants have refused to exercise such supervision and/or control to the extent required under law. As a direct and proximate result of such refusal, Defendants' customers have infringed and continue to infringe Plaintiffs' copyrights in the EMI Compositions and Recordings, including by reproducing, adapting, distributing, displaying, and publicly performing the EMI Compositions and Recordings.

48.     Defendants derive a direct financial benefit from the continued use, distribution, and sales of the infringing EMI Compositions and Recordings.

49.     The infringement of each such work is a separate and distinct act of infringement.

50.     These acts of infringement were willful, intentional, and purposeful and in disregard of and with indifference to Plaintiffs' rights.

51.     As a direct and proximate result of the infringements by Defendants, Plaintiffs are entitled to damages and Defendants' profits in amounts to be proven at trial. If necessary, Plaintiffs will seek leave to amend this Complaint to state the full amount of such damages and profits when such amounts have been ascertained.

52.     Alternatively, Plaintiffs are entitled to the maximum statutory damages in the amount of $150,000 with respect to each work infringed, or for such other amounts as may be proper under 17 U.S.C. § 504(c).

53.     Plaintiffs are further entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

54.     As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Unless enjoined and restrained by this Court, Defendants will continue to vicariously infringe Plaintiffs' rights in the EMI Compositions and Recordings. Plaintiffs are entitled to preliminary and permanent injunctive relief.

**FOURTH CLAIM FOR RELIEF**
**(Unfair Competition)**

55.     Plaintiffs repeat and reallege each and every allegation contained in all other paragraphs of the Complaint.

56.     Defendants' wrongful acts of unfair competition consist of utilizing the EMI Compositions and Recordings for the specific purpose of creating the false impression that the composers and performers of the EMI Compositions and Recordings have endorsed and authorized the use of the EMI Compositions and Recordings in Defendants' products.

57.     Defendants, by unfair device, have induced the general public to believe that they have the right to distribute and use the EMI Compositions and Recordings in their products, and that the composers and performers have endorsed and authorized the use of the EMI Compositions and Recordings in Defendants' products.

58.     Defendants have received and obtained substantial gains, profits, advantages, and benefits that Plaintiffs rightfully deserve, by reason of their wrongful acts of unfair competition.

59.     Defendants, by way of their wrongful acts of unfair competition, have appropriated to themselves the value of the reputation that Plaintiffs have acquired by their production, distribution, publishing, and marketing of the EMI Compositions and Recordings.

60.     A natural, probable, and foreseeable consequence of Defendants' wrongful acts of unfair competition is substantial deception to the general public.

61. Defendants' wrongful acts constitute unfair competition under the laws of the State of New York.

62. Plaintiffs are entitled to recover from Defendants the monetary damages Plaintiffs suffered as a result of Defendants' wrongful acts of unfair competition.

63. Plaintiffs are further entitled to recover from Defendants the gains, profits, advantages, and benefits Defendants have received and obtained as a result of the unfair acts of unfair competition.

64. Defendants have acted intentionally, recklessly, willfully, and in bad faith, and EMI is therefore entitled to exemplary damages by reason of Defendants' wrongful acts of unfair competition.

## FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment and Quantum Meruit)

65. Plaintiffs repeat and reallege each and every allegation contained in all other paragraphs of the Complaint.

66. Defendants have received and obtained substantial gains, advantages, and benefits by creating the false impression that EMI and the composers and performers of the EMI Compositions and Recordings have endorsed and authorized the use of the EMI Compositions and Recordings in Defendants' products.

67. It is inequitable and unjust for Defendants to retain those gains, advantages, and benefits.

68. Defendants have enriched themselves at the expense and to the detriment of Plaintiffs.

69. To the extent Defendants inferred a false authorization of Plaintiffs' goods and services, Plaintiffs have conferred a benefit on Defendants.

70. To the extent Defendants profited from the EMI Compositions and Recordings, Defendants have retained such benefit without adequately compensating Plaintiffs.

71. Defendants should not in equity and good conscience be permitted to retain the benefit without adequately compensating Plaintiffs.

72. As a result of the retention of such benefit, Defendants have been unjustly enriched and are liable to Plaintiffs.

73. As a result of the unjust enrichment of Defendants, Plaintiffs have incurred damages in an amount to be determined at trial, plus applicable interest, attorneys' fees, and costs.

74. Plaintiffs are also entitled to receive from Defendants the reasonable value of an endorsement by the composers and performers of the EMI Compositions and Recordings.

## SIXTH CLAIM FOR RELIEF
### (Equitable Accounting)

75. Plaintiffs repeat and reallege each and every allegation contained in all other paragraphs of the Complaint.

76. Upon information and belief, Defendants received, and continue to receive, profits from the sale, distribution or other use of the EMI Compositions and Recordings.

77. Defendants have not provided the necessary documentation and information to allow Plaintiffs to assess the damages they have suffered and continue to suffer.

78. Plaintiffs are entitled to a full accounting of all net profits received by Defendants in connection with the creation, marketing, distribution, and sale or other use of all of Defendants' products embodying the EMI Compositions and Recordings.

\* \* \*

WHEREFORE, Plaintiffs pray for judgment against Defendants for the relief sought in the First through Sixth Claims for Relief above, including Plaintiffs' costs and reasonable attorneys' fees, prejudgment interest according to law, a preliminary and permanent injunction prohibiting further use and for such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         March 19, 2012

THE ROTH LAW FIRM, PLLC

By: _____
      Richard A. Roth (RAR 5538)
295 Madison Avenue, 22nd Floor
New York, New York 10017
Tel: (212) 542-8882
Fax: (212) 542-8883
*Attorney for Plaintiffs*

EMI MUSIC PUBLISHING
SCHEDULE "A"

## COMPOSITIONS

| | |
|---|---|
| COMPOSITION: | "BAD BOY FOR LIFE" |
| WRITER(S): | MARK CURRY, DRAYTON GOSS, ROBERT ROSS, DORSEY WESLEY and JAMEL FISHER |
| % OWNED/CONTROLLED: | thirty percent (30%) |
| | |
| COMPOSITION: | "I GOT FIVE ON IT" |
| WRITER(S): | THOMAS Mc ELROY, DENZIL FOSTER, JAY KING, GARRICK HUSBAND, JEROLD ELLIS, ANTHONY GILMOUR, MICHAEL MARSHALL, RON BELL, CLAYDES SMITH, ROBERT MICKENS, DONALD BOYCE, RICHARD WESTFIELD, ROBERT BELL and GEORGE BROWN |
| % OWNED/CONTROLLED: | 63.334% |
| | |
| COMPOSITION: | "I'M SO HOOD" |
| WRITER(S): | JAY JENKINS, CHRISTOPHER BRIDGES and UNKNOWN CO WRITER |
| % OWNED/CONTROLLED: | ten percent (10%) |
| | |
| COMPOSITION: | "RIDIN" |
| WRITER(S): | JUAN SALINAS, ANTHONY HENDERSON, OSCAR SALINAS and HAKEEM SERIKI |
| % OWNED/CONTROLLED: | fifty percent (50%) |
| | |
| COMPOSITION: | "PASSING ME BY" |
| WRITER(S): | Trevant Hardson, Emandu Wilcox, Romye Robinson, Derek Stewart, John Sebastian, Steve Boone and Mark Sebastian |
| % OWNED/CONTROLLED: | fifty percent (50%) |
| | |
| COMPOSITION: | "THIS IS WHY I'M HOT" |
| WRITER(S): | EARL STEVENS, DAVE KELLY, DAMEON BECKETT, WINSTON THOMAS, DANNY SCHOFIELD, THOMAS SIMONS, SHAWN MIMS, DAWN PICKERING, WINSTON RILEY, DARRYL MCDANIELS, JOSEPH SIMMONS, JONATHAN SMITH, CHARLES WILLIAMS, CURTIN LUNDY, LEON HAYWOOD and DELROY REID |
| % OWNED/CONTROLLED: | sixteen percent (16%) |

| | |
|---|---|
| COMPOSITION: | "PARTY UP" |
| WRITER(S): | Earl Simmons and Kasseem Dean |
| % OWNED/CONTROLLED: | 12.5% |

| | |
|---|---|
| COMPOSITION: | "THROW SOME D'S" |
| WRITER(S): | ROBERT L. DEBARGE, GREGORY WILLIAMS, MARECE RICHARDS and JAMAL JONES |
| % OWNED/CONTROLLED: | fifty percent (50%) |

| | |
|---|---|
| COMPOSITION: | "GRINDIN'" |
| WRITER(S): | PHARRELL WILLIAMS, CHAD HUGO, GENE THORNTON JR. and TERRENCE THORNTON |

| | |
|---|---|
| COMPOSITION: | "MAKE ME BETTER" |
| WRITER(S): | JOHN JACKSON, TIMOTHY MOSLEY and SHAFFER SMITH |
| % OWNED/CONTROLLED: | twenty five percent (25%) |

| | |
|---|---|
| COMPOSITION: | "GOT MONEY" |
| WRITER(S): | OSCAR SALINAS, JUAN SALINAS, DWAYNE CARTER and FAHEEM NAJM |
| % OWNED/CONTROLLED: | thirty percent (30%) |

| | |
|---|---|
| COMPOSITION: | "DEY KNOW" |
| WRITER(S): | QUANDARIUS JORDAN, LOUIS WILSON, CARLOS WILSON, RICARD WILSON and CORY WAY |
| % OWNED/CONTROLLED: | ninety five percent (95%) |

| | |
|---|---|
| COMPOSITION: | "CAN'T TELL ME NOTHING" |
| WRITER(S): | KANYE WEST, ALDRIN DAVIS and CONNIE MITCHELL |
| % OWNED/CONTROLLED: | 92.5% |

| | |
|---|---|
| COMPOSITION: | "WASTED" |
| WRITER(S): | LADAMON DOUGLAS and UNKNOWN CO-WRITER |
| % OWNED/CONTROLLED: | fifty percent (50%) |

| | |
|---|---|
| COMPOSITION: | "SAY SOMETHING" |
| WRITER(S): | AUBREY GRAHAM and UNKNOWN CO-WRITER |
| % OWNED/CONTROLLED: | twenty five percent (25%) |

| | |
|---|---|
| COMPOSITION: | "GET ME HOME" |
| WRITER(S): | SHAWN CARTER, ROGER BROOMFIELD, SAMUEL BARNES, JEAN OLIVIER and MCKINLEY HORTON |

2

| | |
|---|---|
| % OWNED/CONTROLLED: | twenty five percent (25%) |
| COMPOSITION: | "OVER" |
| WRITER(S): | AUBREY GRAHAM, NICHOLAS BRONGERS and MATTHEW SAMUELS |
| % OWNED/CONTROLLED: | fifty percent (50%) |
| COMPOSITION: | "RIGHT ROUND" |
| WRITER(S): | PHILIP LAWRENCE, TRAMAR DILLARD, MICHAEL PERCY, TIMOTHY LEVER, PETER BURNS, JUSTIN FRANKS, STEPHEN COY, LUKASZ GOTWALD, ALLAN GRIGG and BRUNO MARS |
| % OWNED/CONTROLLED: | 2.5% |
| COMPOSITION: | "EVERY GIRL" |
| WRITER(S): | AUBREY GRAHAM and UNKNOWN CO-WRITER |
| % OWNED/CONTROLLED: | twenty percent (20%) |
| COMPOSITION: | "WHO'S THAT GIRL" |
| WRITER(S): | SHELDON HARRIS, EVE JEFFERS, DARRIN DEAN and IGNATIUS JACKSON |
| % OWNED/CONTROLLED: | fifty percent (50%) |
| COMPOSITION: | "JESUS WALKS" |
| WRITER(S): | KANYE WEST, CURTIS LUNDY, CHE SMITH and MIRI BEN ARI |
| % OWNED/CONTROLLED: | 57.5% |
| COMPOSITION: | "I'M SO HOOD" |
| WRITER(S): | JAY JENKINS, CHRISTOPHER BRIDGES and UNKNOWN CO-WRITER |
| % OWNED/CONTROLLED: | ten percent (10%) |
| COMPOSITION: | "GO HARD" |
| WRITER(S): | KANYE WEST and UNKNOWN CO-WRITER |
| % OWNED/CONTROLLED: | twenty-five pecent (25%) |
| COMPOSITION: | "MONEY TO BLOW" |
| WRITER(S): | AUBREY GRAHAM, DWAYNE CARTER, CHRISTOPHER GHOLSON and BRYAN WILLIAMS |
| % OWNED/CONTROLLED: | twenty five percent (25%) |

3

| | |
|---|---|
| COMPOSITION: | "PASS THE COURVOISIER PART II (REMIX)" |
| WRITER(S): | PHARRELL WILLIAMS, CHAD HUGO, SANDY LINZER, JERMAINE DENNY, BERNARD EDWARDS, IBN FAREED KAMAAL, BRYAN HIGGINS, JAMES JACKSON, ALI JONES-MUHAMMAD, DENNY RANDELL, NILE RODGERS, TREVOR SMITH, DARYL LAMB, MALIK TYLER and JAMES WOOLARD |
| % OWNED/CONTROLLED: | 55.334% |
| | |
| COMPOSITION: | "SHAWTY" |
| WRITER(S): | MAURICE WHITE, VERDINE WHITE, EDDIE DEL BARRIO, FAHEEM NAJM, ALGERNOD WASHINGTON, CHIRS GHOLSON and FERRELL MILES |
| % OWNED/CONTROLLED: | twenty five percent (25%) |
| | |
| COMPOSITION: | "LUV U BETTER" |
| WRITER(S): | PHARRELL WILLIAMS, CHAD HUGO and JAMES SMITH |
| % OWNED/CONTROLLED: | 66.66% |
| | |
| COMPOSITION: | "DESOLE" |
| WRITER(S): | ADAMA DIALLO, ALPHA DIALLO, GANDHI DJUNA, KARIM FALL, RENAUD REBILLAUD, LEWIS ADDA and BADIRI DIAKITE |
| % OWNED/CONTROLLED: | 62.5% |
| | |
| COMPOSITION: | "M F G" |
| WRITER(S): | MICHAEL BECK, THOMAS DUERR, ANDREAS RIEKE and MICHAEL SCHMIDT |
| % OWNED/CONTROLLED: | one hundred percent (100%) |
| | |
| COMPOSITION: | "SNEAK PREVIEW" |
| WRITER(S): | YVAN JAQUEMET, ROBERT ZEMICHIEL and SAMY SORGE |
| % OWNED/CONTROLLED: | fifty percent (50%) |
| | |
| COMPOSITION: | "WHATEVER YOU LIKE" |
| WRITER(S): | JAMES SCHEFFER, DAVID SIEGEL and CLIFFORD HARRIS |
| % OWNED/CONTROLLED: | forty percent (40%) |
| | |
| COMPOSITION: | "GET BY" |
| WRITER(S): | KANYE WEST, NINA SIMONE and TALIB KWELI |
| % OWNED/CONTROLLED: | thirty five percent (35%) |

4

| | |
|---|---|
| COMPOSITION: | "MS. FAT BOOTY" |
| WRITER(S): | CHARLES SINGLETON, EDDIE SNYDER, DANTE SMITH and LAMONT DORRELL |
| % OWNED/CONTROLLED: | seventy five percent (75%) |
| | |
| COMPOSITION: | "CAN'T DENY IT" |
| WRITER(S): | RICARDO THOMAS and NATHANIEL D HALE and JOHN DAVID JACKSON |
| % OWNED/CONTROLLED: | seventy five percent (75%) |
| | |
| COMPOSITION: | "LOLLIPOP" |
| WRITER(S): | JAMES SCHEFFER and STEPHEN ELLIS GARRETT and DWAYNE CARTER |
| % OWNED/CONTROLLED: | sixty percent (60%) |
| | |
| COMPOSITION: | "WHAT YOU KNOW" |
| WRITER(S): | ALDRIN DAVIS and CLIFFORD JOSEPH HARRIS and CURTIS L MAYFIELD |
| % OWNED/CONTROLLED: | twenty percent (20%) |
| | |
| COMPOSITION: | "NOTHIN'" |
| WRITER(S): | PHARRELL L WILLIAMS and VICTOR J SANTIAGO and GREG CAMP |
| % OWNED/CONTROLLED: | fifty percent (50%) |
| | |
| COMPOSITION: | "KISS ME THRU THE PHONE" |
| WRITER(S): | DAVID SIEGEL and JAMES SCHEFFER and DEANDRE WAY |
| % OWNED/CONTROLLED: | forty five percent (45%) |
| | |
| COMPOSITION: | "LAFFY TAFFY" |
| WRITER(S): | LARRY CURTIS JOHNSON and MICHAEL EDWIN JOHNSON |
| % OWNED/CONTROLLED: | fifty percent (50%) |
| | |
| COMPOSITION: | "DROP IT LIKE IT'S HOT" |
| WRITER(S): | CALVIN BROADUS and PHARRELL L WILLIAMS and CHAD HUGO |
| % OWNED/CONTROLLED: | 43.33% |
| | |
| COMPOSITION: | "DWYCK" |
| WRITER(S): | KEITH ELAM and CHRISTOPHER E MARTIN and GREG MAYS |
| % OWNED/CONTROLLED: | 66.67% |

| | |
|---|---|
| COMPOSITION: | "WHOA" |
| WRITER(S): | ROBERT ROSS and ANTHONY BEST and HARVE PIERRE |
| % OWNED/CONTROLLED: | forty five percent (45%) |
| | |
| COMPOSITION: | U DON'T KNOW ME |
| WRITER(S): | ALDRIN DAVIS and CLIFFORD JOSEPH HARRIS |
| % OWNED/CONTROLLED: | Fifty Percent (50%) |

## RECORDINGS

| | |
|---|---|
| ARTIST | BROTHER JACK MCDUFF |
| TITLE | "OBLIGHETTO" |
| | |
| ARTIST | BILLY SQUIER |
| TITLE | "THE BIG BEAT" |
| | |
| ARTIST | DAFT PUNK |
| TITLE | "HARDER BETTER FASTER STRONGER" (as sampled in KANYE WEST'S "STRONGER") |
| | |
| ARTIST | ICE CUBE |
| TITLE | "IT WAS A GOOD DAY" |
| | |
| ARTIST | OXMO PUCCINO |
| TITLE | "MAMA LOVA" |
| | |
| ARTIST | ROHFF |
| TITLE | "LA GRANDE CLASSE" |
| | |
| ARTIST | SAMY DELUXE |
| TITLE | "DIS WO ICH HERKOMM" |
| | |
| ARTIST | TINIE TEMPAH |
| TITLE | "PASS OUT" |
| | |
| ARTIST | LUNIZ |
| TITLE | "I GOT FIVE ON IT" |
| | |
| ARTIST | ASD |
| TITLE | "SNEAK PREVIEW" |
| ARTIST | MIMS |
| TITLE | "THIS IS WHY I'M HOT" |