```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
EMI APRIL MUSIC INC., et al.,            :    12 Civ. 2080 (DLC)
                                         :
                Plaintiffs,              :    MEMORANDUM OPINION
                                         :    & ORDER ADOPTING
           -v-                           :       REPORT &
                                         :    RECOMMENDATION
4MM GAMES, LLC, et al.,                  :
                                         :
                Defendants.              :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

On January 13, 2014, Magistrate Judge James L. Cott issued a Report and Recommendation ("Report") recommending an award of statutory damages under the Copyright Act in the amount of $535,125, plus pre-judgment interest at the rate set forth in 28 U.S.C. § 1961, as well as the entry of a permanent injunction against defendant 4MM Games, LLC ("4MM"). For the following reasons, the Court perceives no error in the Report and the Report is adopted.

## BACKGROUND

Plaintiff Capitol Records, LLC ("Capitol") is a major American record label that produces, records, markets, and distributes recordings by many well-known artists. Capitol owns or is the exclusive licensee of the copyrights for the sound recordings "Oblighetto" by Brother Jack McDuff, "The Big Beat"

1

by Billy Squier, "Harder Better Faster Stronger" by Daft Punk, "It Was a Good Day" by Ice Cube, "Pass Out" by Tinie Tempah, "I Got Five On It" by Luniz, and "This Is Why I'm Hot" by Mims (the "Recordings").

4MM is a video-game developer that created, published, and distributed Def Jam Rapstar ("Rapstar"), a video game that allows players to perform famous rap songs.  In 2009, 4MM approached Capitol seeking to license the Recordings.  Capitol agreed to license the recordings and sent terms to 4MM, which included licensing fees totaling $78,375 for use of the Recordings.  The terms also included a royalty of 15% of the retail price charged for each downloadable Recording.

Capitol and 4MM never executed the proposed license agreement, and 4MM never paid Capitol for use of the Recordings.  Nonetheless, 4MM used the Recordings in Rapstar, both in the original game and as additional downloadable content.  Approximately 720,000 units of Rapstar were sold worldwide; the number of Recordings purchased as downloadable content is unknown.

Capitol, together with other plaintiffs, brought this copyright infringement suit against multiple defendants, including 4MM, alleging the unauthorized reproduction, distribution, use, and exploitation of certain musical

compositions and sound recordings, including Capitol's Recordings, in connection with Rapstar.  All defendants but 4MM settled with plaintiffs.  4MM never responded to the complaint or otherwise appeared in this action.  On November 15, 2012, the Court ordered that a default judgment be entered against 4MM, and on April 22 referred the case to the Honorable James L. Cott, United States Magistrate Judge, for an inquest on damages.  Capitol was the only plaintiff to submit papers in support of a claim for damages.

Magistrate Judge Cott issued a Report and Recommendation (the "Report") on January 13, 2014, recommending an award of statutory damages under the Copyright Act in the amount of $535,125, plus pre-judgment interest at the rate set forth in 28 U.S.C. § 1961, as well as the entry of a permanent injunction against 4MM.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the parties had fourteen days from service of the Report to file any objections.  The time for objections to be filed expired on January 27, 2013; no objections have been filed.

## DISCUSSION

When deciding whether to adopt a report, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C.

§ 636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  <u>Skaff v. Progress Int'l, LLC</u>, 12 Civ. 9045 (KPF), 2014 WL 856521, at *3 (S.D.N.Y. Mar. 4, 2014) (citation omitted).

Magistrate Judge Cott's Report is supported by the record and there is certainly no "clear error."  In determining an appropriate award, Magistrate Judge Cott balanced 4MM's willful infringement and the need for specific and general deterrence against 4MM's less than substantial profits and the uncertainty concerning the number of downloads of three of the Recordings.  To calculate the appropriate damages award, the Report considers awards in other cases, and ultimately recommends trebling the licensing fee proposed by Capitol for the Recordings used in the original game and granting $100,000 per work for the three Recordings available for download.  There is no "clear error" apparent in the Report's damages calculation, or in its recommendation of pre-judgment interest.

Nor is any error apparent in the Report's recommended permanent injunction.  As Magistrate Judge Cott notes, Capitol's damages are difficult to measure, 4MM may be unable to satisfy judgments against it, and 4MM continued its infringing activities even after being notified of the infringement.

4

**CONCLUSION**

The January 13, 2014 Report is adopted.  The Clerk of Court shall enter judgment against 4MM for $535,125, plus pre-judgment interest at the rate set forth in 28 U.S.C. § 1961, in favor of Capitol.  And 4MM, its agents, officers, servants, employees, successors and/or assigns, and all persons or companies in active concert and/or participation with 4MM, are hereby enjoined from reproducing, distributing, publicly performing or otherwise exploiting the Recordings, including without limitation in conjunction with the Rapstar video game.  The parties' failure to file written objections precludes appellate review of this decision.  See United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).


SO ORDERED:

Dated:    New York, New York
          April 7, 2014

                              _____
                                    DENISE COTE
                              United States District Judge